FREDERICK S. HOLMES, Respondent, *v.* ROY C. MEGARGEL
and Others, Appellants.

First Department, November 9, 1917.

**Pleading — complaint in action to recover damages for fraud —
when complaint should be made more definite and certain —
irrelevant allegations.**

Where a plaintiff, suing to recover damages for fraud, merely alleges, in
effect, that the defendant made false representations for the purpose of
obtaining a certain sum of money from the plaintiff, that the plaintiff
believed the representations, and was induced thereby to pay said sum
to the defendant, but the complaint contains no statement of the facts
constituting the cause of action, the defendant's motion to have the
complaint made more definite and certain should be granted.

An allegation in said complaint that similar representations were made to
other persons by means of which the defendants obtained from plaintiff
and other persons a certain sum of money is irrelevant and should be
stricken out.

APPEAL by the defendants, Roy C. Megargel and others,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 17th day of September, 1917, denying
their motion to strike out certain allegations of the complaint
as irrelevant and to make the complaint more definite and
certain.

*Marvin W. Wynne,* for the appellants.

*Wales F. Severance,* for the respondent.

SHEARN, J.:

This is said to be an action to recover damages for fraud and
deceit. The complaint is a peculiar one, alleging that for the
purpose of obtaining from the plaintiff the sum of $5,000 the
defendants made false representations to the plaintiff and
that " the plaintiff believed all of the representations made
by the defendants as aforesaid and was thereby induced to and
relying thereon did pay to the defendants on or about the 28th
day of December, 1915, the sum of Five thousand ($5,000)
dollars." By reason of premises plaintiff claims to have been

damaged. This complaint contains no clear and concise statement of facts constituting a cause of action. What the payment was made for or what the plaintiff got for it or was to get for it, or what the defendants were to do with the $5,000 is not alleged. The defendants' motion to have the complaint made more definite and certain was appropriate and should have been granted. The complaint alleges in paragraph 3 the making of similar representations to other persons by means of which the defendants obtained from the plaintiff and other persons $500,000. Whatever the cause of action may be this allegation is irrelevant and the court should have stricken it out. Similarly with paragraphs 5 and 9. The allegations in paragraph 4 of representations made to plaintiff as to what the defendants intended to do would be relevant in an action for fraud and deceit in view of the allegations in paragraph 8 that these representations were made without any intention on the part of the defendants ever to do those things and with knowledge that they never would be done. Inasmuch as a new complaint must be served it would seem idle to strike these allegations out of the present complaint, but at the same time there is no use in having the same question come up a second time. Accordingly the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, requiring the plaintiff to make the complaint more definite and certain by stating clearly and concisely therein the facts upon which the cause of action is based, the amended complaint, however, not to contain the allegations appearing in paragraphs 3, 5 and 9 of the complaint under consideration.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion.